STATE OF NORTH CAROLINA v. CHARLES HAMPTON, JR.

No. 713SC579

(Filed 15 September 1971)

1. Criminal Law § 42; Robbery § 3— admission of exhibits — adhesive tape taken from robbery victims' wrists

   Adhesive tape taken from the wrists and ankles of armed robbery victims was admissible in evidence to corroborate the victims' testimony describing the manner in which the defendant tied them up during the robbery.

2. Criminal Law § 42; Robbery § 3— admission of exhibits — money order forms which were subject of armed robbery

   Western Union money order forms that were the subject of armed robbery were admissible to corroborate the testimony by a Western Union employee that there was an armed robbery of the company's premises.

APPEAL by defendant from *Parker (Joseph W.), Judge,* 25 May 1970 Session of Superior Court held in CRAVEN County.

For cause considered sufficient this Court, on 22 April 1971, allowed defendant's petition for writ of *certiorari* to perfect his appeal, and the appeal was argued during the Fall Session 1971.

Defendant was charged in a bill of indictment with the felony of robbery with firearms. Upon his plea of not guilty he was tried by jury.

The State's evidence tended to show the following: On 25 February 1970 defendant entered the Western Union Telegraph Company office in the city of New Bern. He stated that he would like to send a money order, and, after spending five to eight minutes in partially filling out the order form, left the premises stating that he would like to get more information. In about thirty minutes defendant returned in the company of one Lawrence Stepney. Both defendant and Stepney had pistols which they pointed at Mrs. Powell, the manager, and Mr. Harrelson, a technician for the telegraph company. Defendant announced it was a stick up and ordered Mr. Harrelson to lie down on the floor. Defendant and Stepney used adhesive tape to bind the hands and feet of Mrs. Powell and Mr. Harrelson. Defendant then shot Mr. Harrelson in the leg while he was lying on the floor.

Defendant took all the money, money orders, and checks amounting to $484.00 from the cash drawer. He also took five unused books of express money orders that could be written in denominations of $100.00 each, twenty blanks to the book. He took a quantity of Western Union checks, $235.00 of Mrs. Powell's personal money, her wallet containing an additional $3.00, Mr. Harrelson's wallet containing $75.00, and his watch. All of these items were placed in a brown paper bag by defendant and then he and Stepney left.

Defendant testified that he lived in Chicago and was in Washington, D. C., on the date of the alleged offense; that he was not in New Bern; that he was arrested in Washington, D. C.; and that none of the stolen property was found on his person. Defendant called as a witness one Hoyle L. Starks, Jr., who testified that he lived in Chicago; that defendant borrowed Stark's uncle's car and that he rode with defendant and Stepney to New Bern, North Carolina; that they were in New Bern for a short time on the day of the robbery; that defendant had a brown paper bag; that they went from New Bern to Washington, D. C., where they were arrested at a motel; that defendant gave him $50.00 just before they reached Washington, D. C.; and that the officers in Washington took a paper bag from a phone booth that defendant had gone into.

From a judgment entered on a verdict of guilty of robbery with firearms defendant gave notice of appeal.

*Attorney General Morgan, by Trial Attorney Cole, for the State.*

*Cecil D. May for defendant.*

BROCK, Judge.

From notations in the Record on Appeal it appears that defendant was also charged with a felonious assault. However, the Record on Appeal contains no bill of indictment, plea, or judgment in an assault case. Nevertheless, defense counsel states in his brief that defendant was convicted of a felonious assault for which he was given a suspended sentence. Presumably, if there was an assault charge, it was for the shooting of Mr. Harrelson during the robbery and was joined with the robbery charge for trial. If this is correct, the Record on Appeal in the robbery case would be the same as in the assault case.

Defendant's sole assignment of error is to the action of the trial judge in admitting into evidence the State's exhibits 1 through 14.

At the close of the State's evidence the Solicitor for the State announced that he would like to introduce into evidence certain exhibits as follows:

1, 2, and 3 which he announced were for the purpose of identification.

4 which he announced was a telegraphic money order form.

5 which he announced was identified as Mrs. Powell's wallet.

6 which he announced was identified as Mr. Harrelson's wallet.

7 which he announced was a photograph of defendant.

8 which he announced that he did not desire to introduce.

9 which he announced that he did not desire to introduce.

10 which he announced was adhesive tape taken from wrists and ankles of Mrs. Powell and Mr. Harrelson.

11 which he announced that he did not desire to introduce.

12 which he announced was the bullet taken from the flooring where Mr. Harrelson was lying when shot.

13 which he announced was the quantity of telegraph money order forms identified by Mrs. Powell.

14 which he announced was the quantity of Western Union money order forms identified by Mrs. Powell.

Defendant's objection appears in the Record on Appeal as follows: "Mr. May objects to the introduction of the money order forms and of the masking tape." Assuming that the reference to the masking tape means the adhesive tape, clearly the foregoing objection is addressed only to exhibits 10, 13, and 14.

[1] The adhesive tape was competent to corroborate and illustrate the testimony of the witnesses concerning the manner in which they were tied up by defendant. Defendant's objection was properly overruled.

[2] Defendant complains that the State offered no evidence that exhibits 13 and 14 were taken from the defendant at any time. It is true that the State showed only that the exhibits were turned over to a detective of the City of New Bern by some officer in Washington, D. C. There was no evidence to disclose how the Washington, D. C., officer came into possession of them. Even so, the exhibits were competent as tending to corroborate Mrs. Powell's testimony that the robbery did occur.

Upon this record as a whole it is our opinion that defendant had a fair trial, free from prejudicial error.

No error.

Judges VAUGHN and GRAHAM concur.